Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                    Chapter 11
PLAZA PATISSERIE, INC. d/b/a AKROTIRI,         Case No. 19-

                                  Debtor.
-----------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

STATE OF NEW YORK   )
                              ) ss.:
COUNTY OF QUEENS     )

        CHRISTOS KOUVAROS, being duly sworn, deposes and says:

        1.     I am the President of Plaza Patisserie, Inc. d/b/a Akrotiri, the debtor and debtor-in-possession herein (the "Debtor"). I am familiar with the facts and circumstances as recited herein. The Debtor is a New York corporation engaged in the operation of a restaurant serving seafood and steak located at 29-20 30th Avenue, Astoria, New York (the "Premises").

        2.     On January 18, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court and an Order for Relief was entered. The Debtor is in possession of its property and is continuing to manage its affairs as a debtor-in-possession.

        3.     The Debtor's chapter 11 filing was precipitated by the expense of defending two (2) separate lawsuits relating to the operation of the restaurant, including an action recently filed in the United States District Court for alleged violations of the Fair Labor

Standards Act and the New York Labor Laws entitled *Paul Sarmiento Cocone, Leila Nasr and Yessica Rivera v. Plaza Patisserie, Inc. d/b/a Akrotiri Seafood Taverna f/d/b/a Plaza Patisserie f/d/b/a Plaza f/d/b/a Plaza Lounge f/d/b/a Plaza Kitchen & Bar and Christos Kouvaros* (18-cv-07399) for alleged underpaid wages and/or overtime pay. The Debtor disputes that any such money is owed any of its former or current employees. Notwithstanding the foregoing, the Debtor is not only concerned about the cost of defending the action but also, if the action could be resolved, the possible expansion of that action into multiple new actions to be brought by other former employees (*i.e.* copycat litigation).

4. The Debtor intends to promptly request that a "bar date" be established by the Bankruptcy Court by which proofs of claim for pre-Petition Date obligations of the Debtor must be filed. In this fashion the Debtor can review each of the claims actually made against it and determine the actual predicate for the claims (*i.e.*, any asserted claims for overtime or hourly rates or employee benefits such as vacation pay or a combination thereof.

5. Pursuant to LBR 1007-4(a)(3), no committee of creditors of the Debtor was formed prior to the Petition Date.

6. Pursuant to LBR 1007-4 (a)(4), a list containing the names and addresses of the entities believed to be the twenty largest unsecured creditors of the Debtor, excluding insiders, has been filed with the Court.

7. Pursuant to LBR 1007-4(a)(5), a list containing the names and addresses of the entities believed to be all of the Debtor's secured creditors have been listed in the Debtor's Schedule D which has been filed with the Court.

8.  Pursuant to LBR 1007-4(a)(6), an approximate summary of the Debtor's assets and liabilities are set forth in the Debtor's Schedules A/B, D, and E/F which have been filed with the Court.

9.  Pursuant to LBR 1007-4(a)(7), the issued and outstanding interests in the Debtor are all privately held.

10. Pursuant to LBR 1007-4(a)(8), to the best of my knowledge, there is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

11. Pursuant to LBR 1007-4(a)(9), the only real property owned, leased or held by the Debtor is the Premises with regard to which the Debtor has a lease that runs through 2020.

12. Pursuant to LBR 1007-4(a)(10), all of the corporate assets and books and records are located at the Premises and/or at the offices of the Debtor's tax preparer.

13. Pursuant to LBR 1007-4(a)(11), to the best of my knowledge and belief, the only pending or threatened actions or proceedings against the Debtor are as follows:

| Case Title | Court/Case No. | Description | Status |
|---|---|---|---|
| *Sasa Femic, Individually, and Obo Plaza Patisserie, Inc. d/b/a Plaza Kitchen and Bar, Plaintiffs v. Christos Kouvaros, Anastasia Kouvaros, and John Pittas, Defendants* | Supreme Court of the State of New York, County of Queens, Index No. 701285/2017 | Alleged Equity/ Breach of Fiduciary Duty Claims | Pending |
| *Paul Sarmiento Cocone, Leila Nasr and Yessica Rivera, Plaintiffs v. Plaza Patisserie, Inc. d/b/a Akrotiri Seafood Taverna f/d/b/a Plaza Patisserie f/d/b/a Plaza f/d/b/a Plaza Lounge f/d/b/a Plaza Kitchen & Bar and Christos Kouvaros, Defendants* | United States District Court for the Eastern District of New York, Case No. 18-cv-07399- | Alleged Labor Law Violations | Pending |

14. Pursuant to LBR 1007-4(a)(12), the Debtor's management consists of only myself as the President. I am also the sole director and shareholder of the Debtor.

15. Pursuant to LBR 1007-4(b)(1), the Debtor presently has approximately ten (10) full-time employees and owe (1) part-time employee. The Debtor estimates that its gross payroll for employees, exclusive of officers, for the thirty (30) day period following the Petition Date will be approximately $28,000.00.

16. Pursuant to LBR 1007-4(b)(2), the amount proposed to be paid for services for the thirty (30) day period following the Petition Date to the officers, directors, and stockholders is $3,200.00.

17. Pursuant to LBR 1007-4(b)(3), the Debtor anticipates that it will have receipts totaling approximately $80,000.00 during the thirty (30) day period following the Petition Date. The Debtor's expenses (including payroll) for the same period is anticipated to approximate $80,000.00.

18. The Debtor believes that under the supervision of the Bankruptcy Court, it will be able to pay its creditors substantially more than they would receive if the Debtor went through a forced liquidation.

_____
CHRISTOS KOUVAROS

Sworn to before me this
17th day of January, 2019

_____
Notary Public

DOUGLAS J. PICK
Notary Public, State of New York
No. 02PI4755480
Qualified in New York County
Commission Expires Feb. 26, 2019

4